IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| IN RE: | * | CASE NO. 17-40454 |
| ANKROM (JR.), RICHARD | * | |
| | * | CHAPTER 13 |
| Debtor | * | |

**NOTICE OF MOTION FOR MODIFICATION OF PLAN
AFTER CONFIRMATION, TIME TO RESPOND AND TIME OF HEARING**

DEBTOR HAS FILED DOCUMENTS WITH THE COURT TO MODIFY THE PLAN AFTER CONFIRMATION.

**YOUR RIGHTS MAY BE AFFECTED. You should read these documents carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.** If not served with this notice in accordance with the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure, a copy of the motion may be obtained upon written request to counsel for the Debtor (identified below) or at the Clerk's office.

If you do not want the court to modify the plan after confirmation, or if you want the court to consider your views on the motion, then you or your attorney shall file with the court a written objection or response on or before **MARCH 7, 2018**, pursuant to FRBP 9006(f). If you are receiving this notice by mail, you may add 3 days to the response date stated above. The objection or response should be sent to:

Clerk, U. S. Bankruptcy Court
Middle District of Georgia
Post Office Box 2147
Columbus, Georgia 31902
(706) 649-7837

**If an objection or response is filed, a hearing on the motion shall be held on:**

**March 27, 2018 at 2:00 p.m. at the Columbus Courtroom, One Arsenal Place, 901 Front Avenue, Courtroom 309, Columbus, Georgia 31901**.

If you mail your response or objection to the court for filing, you shall send it early enough so the court will **receive** the objection or response on or before the response date stated above.

Any response or objection shall also be served on the Debtor.

**If you or your attorney does not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting relief.**

This notice is sent by the undersigned pursuant to relevant Local Rule, Federal Rule, or other legal authority providing for issuing this notice.

 This __14th__ day of __February__, 2018.

                 Respectfully submitted,

                 /s/Brace W. Luquire
                 BRACE W. LUQUIRE
                 Georgia State Bar No. 461400
                 Attorney for Debtor
                 Post Office Box 2684
                 Columbus, Georgia 31902
                 (706) 322-8557
                 BraceLaw@aol.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| IN RE: | * | CASE NO. 17-40454 |
| ANKROM (JR.), RICHARD | * | |
| | * | CHAPTER 13 |
| Debtor | * | |

**MOTION FOR MODIFICATION OF PLAN AFTER CONFIRMATION**

The Debtor, under the authority of Section 1329 of the Bankruptcy Code, files this Motion for Modification of the Plan and respectfully show as follows:

The modification is to restructure the Plan to reduce the monthly plan payment and to provide no further payment for arrears owed on real property, the collateral of Ditech Financial. A copy of the Plan is attached.

After notice and an opportunity for objections, the Plan as modified should become the Debtor's Plan.

WHEREFORE, the Debtor prays that this Motion for Modification be approved.

Respectfully Submitted,

/s/Brace W. Luquire
BRACE W. LUQUIRE
Georgia State Bar No. 461400
Attorney for Debtor
Post Office Box 2684
Columbus, Georgia 31902
(706) 322-8557
BraceLaw@aol.com

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA

| | | |
|---|---|---|
| ANKROM (JR.), RICHARD | * | CHAPTER 13 |
| | * | |
| Debtor | * | CASE NO.    17-40454 |

√  Check if this is a modified Plan, and list below the sections of the Plan that have changed: 3.2; 3.5; 3.7

First Modified Post-Confirmation Plan

# CHAPTER 13 PLAN
# MIDDLE DISTRICT OF GEORGIA
# (NOT OFFICIAL FORM 113)

**Part 1: Notices**

**To Debtors**: **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with local rules and judicial rulings may not be confirmable.**

*In the following notice to creditors and statement regarding your income status, you must check each box that applies.*

**To Creditors**: **Your rights may be affected by this Plan. Your claim may be reduced, modified, or eliminated.**

You should read this Plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the Plan's treatment of your claim or any provision of this Plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this Plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any Plan.

**The following matters may be of particular importance to you. Debtors must check one box on each line to state whether or not the Plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the Plan.**

| | | | |
|---|---|---|---|
| 1.1 | The Plan seeks to limit the amount of a secured claim, as set out in Part 3, Section 3.5, which may result in a partial payment or no payment at all to the secured creditor. | √ Included | ☐ Not Included |
| 1.2 | The Plan requests the avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest as set out in **Part 6: Nonstandard Provisions**. | ☐ Included | √ Not Included |
| 1.3 | The Plan sets out **Part 6: Nonstandard Provisions**. | ☐ Included | √ Not Included |

**Income status of Debtor as stated on Official Form 122-C1**

**Check One**:

[√] The current monthly income of the Debtor is less than the applicable median income specified in 11 U.S.C. §1325(b)(4)(A).

[ ] The current monthly income of the Debtor is not less than the applicable median income specified in 11 U.S.C. §1325(b)(4)(A).

## Part 2: Plan Payments and Length of Plan

2.1. The future earnings of the Debtor are submitted to the supervision and control of the Trustee and the Debtor (or Debtor's employer) shall pay to the Trustee the sum of $ 520.00 per month.
(If the payments change over time include the following.) These Plan payments change to $_____ on _____.

2.2. Additional payments of $_____ will be made on _____ from _____. (Source)

2.3. The Trustee percentage fee as set by the United States Trustee will be collected from each payment made by the Debtor.

2.4. If the Debtor's current monthly income is less than the applicable median income specified in 11 U.S.C. §1325(b)(4)(A) the Debtor will make a minimum of 36 monthly payments.
If the Debtor's current monthly is not less than the applicable median income specified in 11 U.S.C. §1325(b)(4)(A) the Debtor will make payments for a minimum of 57 months.

## Part 3: Treatment of Secured Claims

**From the payments so received, the Trustee shall make disbursements to allowed claims as follows:**

3.1. The monthly payments will be made on the following long-term debts: (Payments which become due after the filing of the petition but before the month of the first payment designated here will be added to the pre-petition arrearage claim.)

| NAME OF CREDITOR | MONTH OF FIRST PAYMENT UNDER PLAN | MONTHLY PAYMENT AMOUNT |
|---|---|---|
| | | |

3.2. After confirmation, distributions will be made to cure arrearages on long term debts where the last payment is due after the last payment under the Plan. If no monthly payment is designated, the arrearage claims will be paid after the short term secured debts listed in Section 3.3 and 3.5

| NAME OF CREDITOR | ESTIMATED AMOUNT DUE | INTEREST RATE (If applicable) | COLLATERAL | MONTHLY PAYMENT IF ANY |
|---|---|---|---|---|
| Carrington Mortgage | As Confirmed | | Mortgage Arrears Thru May 2017 | $323.00 |

3.3.  The following claims are not subject to cram down because debts are secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing. See §1325(a). The claims listed below will be paid in full as allowed.

| NAME OF CREDITOR | AMOUNT DUE | INTEREST RATE | COLLATERAL | MONTHLY PAYMENT |
|---|---|---|---|---|

3.4.  Preconfirmation adequate protection payments will be made to the following secured creditors and holders of executory contracts after the filing of a proof of claim by the creditor. These payments will be applied to reduce the principal of the claim.

| NAME OF CREDITOR | ADEQUATE PROTECTION AMOUNT |
|---|---|
| Santander Consumer | $10.00 |
| TitleMax | $ 5.00 |

3.5.  After confirmation of the Plan, the following secured creditors who are subject to cramdown, with allowed claims will be paid as follows:

If the value is less than the amount due, the secured claim is modified to pay the value only as secured.
If the value is listed as $0.00 the creditor's allowed claim will be treated as unsecured.
If the value is greater than or equal to the allowed secured claim, the claim will be paid in full.
If you do not intend to cram down the claim, enter "debt" as the value.

| NAME OF CREDITOR | AMOUNT DUE | VALUE | INTEREST RATE | COLLATERAL | MONTHLY PAYMENT AMOUNT |
|---|---|---|---|---|---|
| Santander Consumer | | As Confirmed | | 1991 Jaquar XJ8 | $120.00 |
| TitleMax | | As Confirmed | | 1991 Chevrolet 1500 | $ 25.00 |

3.6.  The following collateral is **surrendered to the creditor**. If the Debtor is surrendering the collateral for a specific payment credit or in full satisfaction of the debt, a statement explaining the treatment should be indicated in **Part 6: Nonstandard Provisions**. The Debtor agrees to termination of the stay under 11 U.S.C. §362(a) and §1301 with respect to the collateral; upon confirmation of the Plan. An allowed unsecured claim resulting from the disposition of the collateral will be treated as unsecured.

| NAME OF CREDITOR | DESCRIPTION OF COLLATERAL |
|---|---|

3.7.  The following debts will be paid directly by the Debtor:

NAME OF CREDITOR                                    COLLATERAL

Nationstar Mortgage                                 Mortgage - Beginning June 2017

Ditech Financial - Arrears to be cured by loan modification. If the loan modification is not approved, property will be surrendered. The Trustee will no longer pay the arrears through the plan payment.

3.8.  The judicial liens or non-possessory, non-purchase security interests that are being avoided are listed in **Part 6: Nonstandard Provisions**.

## Part 4: Treatment of Fees and Priority Debt

4.1.  Attorney fees ordered pursuant to 11 U.S.C. §507(a)(2) of $ __3,250.00__ to be paid as follows: **(SELECT ONE)**

- [✔] Pursuant to the current Administrative Order on Attorney Fee Awards

- [ ] By another method as set out in Part 6: Nonstandard Provisions. Attorney will be required to submit an itemization of their time to the Court.

4.2.  The following domestic support obligations will be paid over the life of the Plan as follows: These payments will be made simultaneously with payment of the secured debt to the extent funds are available and will include interest at the rate of _____%. **(If this is left blank, no interest will be paid.)**

NAME OF CREDITOR                                    PAYMENT AMOUNT

4.3.  All other 11 U.S.C. §507 priority claims, unless already listed under 4.2 will be paid in full over the life of the Plan as funds become available in the order specified by law.

## Part 5: Treatment of Non Priority Unsecured Claims

5.1.  **Debtor will make payments that will meet all of the following parameters (these are not cumulative, Debtor will pay the highest of the three)**

   (a)  Debtor will pay all of the disposable income as shown on Form I22C of $__0.00__ to the non-priority unsecured creditors in order to be eligible for a discharge, unless Debtor includes contrary provisions in **Part 6: Nonstandard Provisions** along with sufficient legal reason justifying the excusal from meeting this requirement.

   (b)  If the Debtor filed a Chapter 7 case, the priority and other unsecured creditors would receive $__146,107.00__. Debtor will pay this amount to the priority and other unsecured creditors in order to be eligible for discharge in this case.

   (c)  The Debtor will pay $__0.00__ to the general unsecured creditors to be distributed prorata.

5.2. General unsecured creditors whose claims are duly proven and allowed will be paid **(CHOOSE ONLY ONE)**

    (a)     <u>   100   </u>% dividend as long as this dividend exceeds the highest amount, if any, shown in Paragraph 5.1(a), 5.1(b), or 5.1(c) and the Debtor makes payment for the applicable commitment period as indicated in **Part 2 Section 2.4**.

    (b)     The Debtor anticipates unsecured creditors will receive a dividend of <u>          </u>% but will also pay the highest amount shown in Paragraph 5.1(a), 5.1(b), or 5.1(c) above. All creditors should file claims in the event priority and secured creditors do not file claims and funds become available for distribution.

5.3. The following unsecured claims are classified to be paid at 100%. If the Debtor is proposing to pay interest on classified claims, or to pay the claims a regular monthly payment, those proposals should appear in **Part 6: Nonstandard Provisions**.

NAME OF CREDITOR        COLLATERAL        REASON FOR CLASSIFICATION

5.4. The executory contracts and unexpired leases listed below are assumed. All other executory and unexpired leases are rejected. If the Debtor wishes to cure a default on a lease, an explanation of those payments should be included in **Part 6: Nonstandard Provisions**.

NAME OF CREDITOR        DESCRIPTION OF COLLATERAL

5.5. Unless otherwise ordered by the Court, all property of the estate, whether in the possession of the Trustee or the Debtor, remains property of the estate subject to the Court's jurisdiction, notwithstanding §1327(b), except as otherwise provided in **Part 6: Nonstandard Provisions** below. Property of the estate not paid to the Trustee shall remain in the possession of the Debtor. All property in the possession and control of the Debtor at the time of confirmation shall be insured by the Debtor. The Chapter 13 Trustee will not and is not required to insure such property and has no liability for injury to any person, damage or loss to any such property in possession and control of the Debtor or other property affected by property in possession and control of the Debtor.

5.6. Notwithstanding the proposed treatment or classification of any claim in the Plan confirmed in this case, all lien avoidance actions or litigation involving the validity of liens or preference actions will be reserved and can be pursued after confirmation of the Plan. Successful lien avoidance or preference action will be grounds for modification of the Plan.

**Part 6: Nonstandard Provisions**

Under Bankruptcy Rule 3015(c), all nonstandard provisions are required to be set forth below.  **These Plan provisions will be effective only if the applicable box in Part 1 of this Plan is checked**.

**Part 7: Signatures**

7.1.    The Debtor's attorney certifies that all provisions of this Plan are identical to the Official Form of the Middle District of Georgia except for language contained in **Part 6: Nonstandard Provisions**.

Debtor's Attorney

/s/Brace W. Luquire                                      2/14/2018
BRACE W. LUQUIRE                                  Date

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| IN RE: | * | CASE NO. 17-40454 |
| ANKROM (JR.), RICHARD | * | |
| | * | CHAPTER 13 |
| Debtor | * | |

**CERTIFICATE OF SERVICE**

I, Brace W. Luquire, certify that I am, and at all times hereinafter mentioned was, more than 18 years of age and that on the ___14th___ day of ___February___, 2018, I served a copy of the foregoing Notice of Motion, Time to Respond and Time of Hearing and Motion for Modification of Plan After Confirmation on the parties against who relief is sought:

Kristin Hurst
Chapter 13 Trustee
Post Office Box 1907
Columbus, Georgia 31902

Ditech Financial
PO Box 6172
Rapid City, SD 57709-6172

Carrington Mortgage Services, LLC
1600 South Douglass Road
Anaheim, California 92806

Ditech Financial
Aldridge Pite, LLP
Fifteen Piedmont Center
3575 Piedmont Road, N.E. Suite 500
Atlanta, Georgia 30305

Carrington Mortgage Services, LLC
Shapiro Pendergast & Hasty, LLP
211 Perimeter Center Parkway, NE, Suite 300
Atlanta, Georgia 30346

by depositing in the United States Mail, a copy of the same in a properly addressed envelope with adequate postage thereon to insure delivery unless service was perfected by electronic means.

I certify under the penalty of perjury that the foregoing is true and correct.

    /s/Brace W. Luquire
BRACE W. LUQUIRE
Georgia State Bar No. 461400
Attorney for Debtor
Post Office Box 2684
Columbus, Georgia  31902
(706) 322-8557
BraceLaw@aol.com