

**SO ORDERED.**

**SIGNED this 26 day of April, 2018.**

_____
**John T. Laney, III
United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| In Re:<br>**Richard Ankrom, Jr.,**<br><br>　　　　　　　　　　　Debtor. | Chapter **13**<br><br>Case No. **17-40454-JTL** |
| **Deutsche Bank National Trust Company formerly known as Bankers Trust Company of California, N.A., as Trustee of Vendee Mortgage Trust 2001-1,**<br><br>　　　　　　　　　　　Movant,<br>V.<br><br>**Richard Ankrom, Jr., Debtor**, and **Kristin Hurst**, Trustee,<br><br>　　　　　　　　　　　Respondents. | Contested Matter |

**ORDER LIFTING STAY**

A Motion for Relief was filed on March 20, 2018, all parties were served with a copy of said motion, the motion was scheduled for hearing on April 26, 2018, and Respondent presented no opposition to Movant's Motion.

IT IS HEREBY ORDERED:

1.

That Movant contends it has a valid, priority first lien on Debtor's real property to the extent of the outstanding balance of its Note, plus interest and attorney's fees as provided by the terms of the Note and Security Deed, said property being identified in Movant's Motion for Relief as 4422 Oates Avenue, Columbus, GA 31904, more particularly described at Deed Book 5668, Page 99, Muscogee County records (the "Property"), and said Note and Security Deed also being described more fully therein.

2.

Based upon the facts asserted in Movant's Motion for Relief, Movant is inadequately protected as to its security in the Property, in that Debtor is substantially in arrears to Movant under the said Note and Security Deed.

3.

The automatic stay of 11 U.S.C. § 362 is terminated to the extent that the automatic stay enjoins and restrains Movant from the exercise of its rights under the Power of Sale provisions contained in the Security Deed and as provided for by the laws of the State of Georgia; including, but not limited to, advertising to effectuate a foreclosure sale at the earliest possible date, to gain possession of the property and to pursue any other rights available to Movant under state law, as to its collateral.

4.

Any proceeds realized from said foreclosure sale, which exceed those amounts owed to Movant under the terms of the subject Note and Security Deed, shall be remitted to the Chapter 13 Trustee. The Chapter 13 Trustee shall cease disbursements on Movant's Proof of Claim.

**END OF DOCUMENT**

Prepared by:

*/s/ Lucretia L. Scruggs*

Lucretia L. Scruggs
Georgia Bar No. 371008
Attorney for Movant
211 Perimeter Center Parkway, N.E.
Suite 300
Atlanta, GA 30346
770-220-2535